Jay T. Jambeck, SBN #226018
jjambeck@leighlawgroup.com
Mandy G. Leigh, SBN # 225748
mleigh@leighlawgroup.com
Damien B. Troutman, SBN # 286616
dtroutman@leighlawgroup.com
LEIGH LAW GROUP, P.C.
582 Market Street, Suite 905
San Francisco, CA 94104
Telephone: 415-399-9155
Facsimile: 415-795-3733

Attorney for Plaintiffs
TIDE RISING; A.P.,
a minor, by and through
his Guardian ad Litem; J.P.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIDE RISING, an unincorporated association of parents and guardians; A.P., a minor, by and through his Guardian ad Litem; J.P.<br><br>Plaintiffs,<br>v.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 3:26-00987<br><br>**DECLARATION OF E.W. IN SUPPORT OF INJUNCTIVE RELIEF** |

I, E.W., declare as follows:

1

DECLARATION
(Case No. 3:26-00987)

1. I have personal knowledge of the statements made herein and if called upon to personally testify as to their truth and accuracy, I could do so competently.

2. I am the parent of a child with autism. My daughter stopped being able to attend public school in second grade due to volatile emotional and sensory regulation challenges. At that time, the size, sensory stimulation, and overall demands of a large public school environment made it impossible for her to access her education safely or consistently.

3. After leaving public school, my daughter attended a small special education school for students who are academically capable but require additional support with emotional regulation and social skills. This placement was a good fit for her at the time. Class sizes were small, and the environment provided the structure and predictability she needed. However, the peer group consisted primarily of students with significant support needs, and as my daughter approached high school, we wanted her to have a more inclusive academic experience while still receiving the supports she requires in order to function.

4. My daughter's sensory and emotional regulation challenges require a small, predictable school environment. This is not a preference; it is a necessity. She cannot tolerate the sensory input, noise level, and constant stimulation of a large school campus. In those

2

DECLARATION
(Case No. 3:26-00987)

environments, she becomes dysregulated to the point that she is unable to remain in class or access instruction.

5. TIDE Academy has been an appropriate and necessary placement for my daughter. The size of the school is manageable for her sensory system, the academic program is strong, and the level of individualized support made possible by the small campus has allowed her to attend school consistently. My daughter is autistic and gifted, sometimes referred to as "twice exceptional" (2e), and TIDE's academic offerings have allowed her to be challenged intellectually while still receiving the supports she requires.

6. My daughter is also a highly sensitive person (HSP). She is deeply empathetic and often internalizes the emotional experiences of others, including characters in literature and people affected by historical events. As a result, English and History classes can be emotionally overwhelming for her. When this occurs, she requires breaks that are sometimes unplanned and immediate in order to regulate.

7. As part of her IEP, my daughter requires the ability to leave class and access a safe, quiet space, as well as an adult who can check in with her when she becomes emotionally dysregulated during the school day. TIDE Academy's small campus, wellness center, and staff availability make this possible. Because staff members have lower caseloads than counselors or support staff at larger schools, they are accessible

3

DECLARATION
(Case No. 3:26-00987)

throughout the day and able to provide timely support. Additionally, because of the school's small size, all students are known by staff. This allows adults to recognize when my daughter is in distress and intervene proactively, which would not be possible on a large campus with hundreds of staff members and thousands of students.

8. Academically, my daughter is thriving. After completing her first semester of ninth grade, she earned over a 4.0 GPA. She has completed college coursework through concurrent enrollment, completed a semester of college-level art, and currently maintains a strong college GPA. She is a curious, motivated student who shows up to class eager to learn, and teachers consistently respond positively to her engagement and effort.

9. Despite her strong academic profile, identifying alternative school placements has been extremely difficult. Many private schools exclude students with autism as a matter of policy, often declining to consider her before reviewing her academic record or meeting her. This has left us with very few options. Among the limited schools willing to consider autistic students, we have found that some are unable to support her emotional regulation needs, particularly in language-heavy classes, while others have determined that she is not a good social fit. As a result, there are currently no clear or guaranteed alternative placements available that can meet both her academic abilities and her sensory and emotional support needs.

4

DECLARATION
(Case No. 3:26-00987)

10. In addition, because of the severity of her emotional regulation challenges, my daughter must take English asynchronously. This is the only way she is able to complete the course successfully. Participating in a traditional, in-person English classroom consistently leads to emotional dysregulation that prevents her from accessing instruction. TIDE Academy's program allows her to complete all four years of English through asynchronous coursework and transfer the credits needed for graduation. Under SUHSD codex and board policy, this flexibility is permitted for TIDE students but is not available at large comprehensive high schools, where restrictions on transferable required credits would make it impossible for her to meet graduation requirements. As a result, large comprehensive campuses cannot provide her access to English instruction in a manner that meets her needs.

11. Even in her current placement, my daughter requires evenings and weekends to decompress and recover from the demands of the school day. Larger school environments would significantly increase her sensory and emotional load and would likely result in her being unable to attend school consistently.

12. Based on my experience, there is no comparable alternative placement that can meet my daughter's academic abilities while also accommodating her sensory and emotional regulation needs. TIDE Academy provides the least restrictive environment in which

she can access her education, remain regulated, and continue to make meaningful academic progress.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 4, 2026

*Elizabeth Werba*
Elizabeth Werba

6

DECLARATION
(Case No. 3:26-00987)