Outlook

## Tide Rising et al v. Sequoia Union High School District; Case No. 3:26-cv-00987-TLT

**From** Jay Jambeck <jjambeck@leighlawgroup.com>
**Date** Tue 2/17/2026 4:55 PM
**To** board@seq.org <board@seq.org>; cleach@seq.org <cleach@seq.org>

📎 1 attachment (146 KB)
Order setting briefing.pdf;


See attached.

-----



Jay T. Jambeck
Leigh Law Group, P.C.
San Francisco (main office)
582 Market Street, Suite 905
San Francisco, CA. 94104
415-399-9155
Fax: 415-795-3733


jjambeck@leighlawgroup.com
http://www.leighlawgroup.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIDE RISING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 26-cv-00987-TLT<br><br>**ORDER SETTING BRIEFING SCHEDULE ON TRO**<br><br>Re: Dkt. No. 14 |

    Plaintiffs TIDE Rising, an unincorporated association of parents and guardians, and A.P., a minor, have moved this Court pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65-1, for a Temporary Restraining Order against Defendant Sequoia Union High School District ("District").

    Plaintiffs allege that closing TIDE Academy without engaging in the interactive process, conducting any individualized assessment of the impact on students with disabilities, or complying with the procedural requirements of 28 C.F.R. § 35.150(a)(3) will have a disparate impact on students with disabilities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. ECF 14 at 2.

    Plaintiffs seek an order preventing the District from closing, dismantling, or ceasing operations at the TIDE Academy and preventing the District from enforcing their March 9, 2026 deadline for requiring TIDE Academy families to select a new school. *Id.* at 3.

    Plaintiffs neither seeks ex parte relief, nor meets the requirements of Rule 65(b). *See* Fed. R. Civ. P. 65(b)(1) (requiring "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition" and written certification regarding "any efforts made to give notice and the reasons why it should not be required").

Plaintiffs are ORDERED to provide notice of the complaint, the motion for temporary restraining order, and this Order to Defendant by **February 17, 2026**.  Defendant shall file a response to Plaintiffs' motion by **February 24, 2026** at 5:00 p.m. and show cause as to why a temporary restraining order should not issue. Plaintiffs' reply shall be filed by **February 27, 2026**. The Court **SETS** a hearing on the motion for temporary restraining on Tuesday, **March 3, 2026** at 2:00 p.m. in-person before Judge Thompson in Courtroom 9, 450 Golden Gate Ave., San Francisco, CA 94102.  The Court will also address Plaintiff's motion to appoint J.P. as Guardian Ad Litem during the hearing.

If the parties prefer to appear by video-conference, a stipulation may be entered by both parties and the matter will be re-set on Thursday, March 5, 2026 at 3:00 p.m.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
TRINA L. THOMPSON
United States District Judge