Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No.  278292
Ana K. Sanderson, State Bar No. 332737
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       rosman@bfesf.com
                 scrawford@bfesf.com
                 asanderson@bfesf.com

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIDE RISING, an unincorporated association of parents and guardians; A.P., a minor, by and through his Guardian ad Litem; J.P.<br><br>Plaintiffs,<br><br>v.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT,<br><br>Defendant. | Case No. 3:26-cv-00987-TLT<br><br>**DEFENDANT SEQUOIA UNION HIGH SCHOOL DISTRICT'S RESPONSE TO THE COURT'S QUESTIONS FOR THE HEARING (DKT NO. 56)**<br><br><br><br>**Hon. Trina L. Thompson** |

**RESPONSE TO QUESTIONS FOR THE HEARING**

I.    **MOTION TO DISMISS**

    **A.**    **To Defendant**: Is the Court required to find Plaintiffs plausibly allege denial of meaningful access to public education as a prerequisite to each of Plaintiffs' theories of liability?

        a.    In other words, if the Court were to find that Plaintiffs have not plausibly alleged denial of meaningful access to public education by Defendant's decision to close TIDE Academy, need the Court consider reasonable-modifications, engage in a

1

disparate impact analysis, or examine whether Defendant engaged in a collaborative process before voting to close TIDE?

      i.      Please cite binding caselaw in your response to the question above.

## I.      DEFENDANT'S RESPONSE TO QUESTION A:

## A.      THE COURT MUST FIRST DETERMINE WHETHER PLAINTIFFS HAVE PLAUSIBLY ALLEGED A DENIAL OF MEANINGFUL ACCESS

Yes. Binding precedent requires that a plaintiff asserting claims under Title II of the ADA and Section 504 must plausibly allege a denial of "meaningful access" to a public program or benefit as a threshold element of liability. If Plaintiffs fail to do so, their remaining theories, including reasonable modification, disparate impact, or alleged procedural failures, necessarily fail as a matter of law.

The Supreme Court in *Alexander v. Choate* established that Section 504 guarantees only "meaningful access" to benefits. (469 U.S. 287, 301 (1985).) The Ninth Circuit has adopted this framework for both ADA and Section 504 claims. (See *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013); *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009) (ADA's prohibition against discrimination "is universally understood as a requirement to provide 'meaningful access.'") Consistent with this authority, courts treat "meaningful access" as a required element. (See *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1203–04 (9th Cir. 2016) (plaintiff must show denial of meaningful access to establish ADA/§ 504 liability).

Accordingly, courts routinely resolve whether a plaintiff has plausibly alleged a denial of meaningful access at the pleading stage and dismiss ADA and Section 504 claims where such allegations are lacking. (See *Goodwin v. Marin Cnty. Transit Dist.*, 675 F. Supp. 3d 1016, 1024 (N.D. Cal. 2022).) Courts in this Circuit consistently treat meaningful access as a required element that must be plausibly alleged to survive Rule 12(b)(6). (See *Martinez v. Cnty. of Alameda*, 512 F. Supp. 3d 978, 987 (N.D. Cal. 2021); *P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1098, 1114 (C.D. Cal. 2015).) Where a plaintiff fails to plausibly allege such a denial, dismissal under Rule 12(b)(6) is appropriate because denial of meaningful access is a required element of an ADA or Section 504 claim.

///

///

DEFENDANT SEQUOIA UNION HIGH SCHOOL DISTRICT'S RESPONSES TO THE COURT'S QUESTIONS FOR THE HEARING (DKT. NO. 56)
*Tide Rising v. Sequoia Union High School District* | Case No. 3:26-cv-00987-TLT

**B.     WITHOUT A PLAUSIBLE DENIAL OF MEANINGFUL ACCESS, THE COURT NEED NOT ANALYZE PLAINTIFFS' ALTERNATIVE THEORIES**

Because meaningful access is the operative legal standard, failure to plausibly allege its denial is dispositive. The Court need not, and should not, proceed to analyze reasonable modification, disparate impact, or alleged procedural deficiencies.

First, reasonable modification liability exists only where necessary to avoid denial of meaningful access. (28 C.F.R. § 35.130(b)(7)(i); *Choate*, 469 U.S. at 301.) The Ninth Circuit confirms that a public entity is required to make modifications only when they are "necessary to avoid discrimination." (*Zukle*, 166 F.3d at 1047.) The ADA's prohibition against discrimination "is universally understood as a requirement to provide meaningful access." (*Lonberg*, 571 F.3d at 851.) Therefore, where access is already meaningful, no modification is required as a matter of law. Here, Plaintiffs have not plausibly alleged that they will be denied meaningful access to services in the absence of a reasonable modification.

Second, disparate impact claims likewise depend on a showing that the challenged policy denies meaningful access to a public benefit. (See *K.M. ex rel. Bright v. Tustin Unified School Dist.* (9th Cir. 2013) 725 F.3d 1088, 1102 holding, "We have relied on *Choate* 's construction of Section 504 in ADA Title II cases, and have held that to challenge a facially neutral government policy on the ground that it has a disparate impact on people with disabilities, the policy must have the effect of denying meaningful access to public services."; see also *Crowder v. Kitagawa,* 81 F.3d 1480, 1483–84 (9th Cir.1996); *Choate*, 469 U.S. at 299–301; *Mark. H. v. Lemahieu*, 513 F.3d 922, 936–38 (9th Cir. 2008); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978–79 (9th Cir. 1997).)

Thus, even where a plaintiff invokes a disparate impact theory, the dispositive inquiry remains whether the policy "effectively denies otherwise qualified handicapped individuals meaningful access to the benefit that the grantee offers." (*Choate*, 469 U.S. at 301.) Absent such a denial, statistical disparities, differences in outcomes, or preferences for a particular program or setting are not actionable under Title II or Section 504. (See *Mark H.*, 513 F.3d at 937-38; *Weinreich,* 114 F.3d at 978-79.)

Third, Plaintiffs' reliance on an alleged failure to engage in an "interactive" or "collaborative" process does not create a basis for liability. Neither Title II of the ADA nor Section 504 imposes a

3

freestanding procedural duty to engage in an interactive process. Rather, the concept arises in this Circuit in the context of establishing deliberate indifference for purposes of recovering money damages. (See *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139–40 (9th Cir. 2001) (public entity's duty to investigate and consider accommodations is relevant to whether it acted with deliberate indifference); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (deliberate indifference requires knowledge of a substantial likelihood of a violation and failure to act).) Critically, Plaintiffs still must show a denial of meaningful access to a public benefit. (See *Choate*, 469 U.S. at 301.)

The Ninth Circuit has specifically observed that:

> Our cases on the appropriate *mens rea* standard for a § 504 damages remedy recognize ... that § 504 itself prohibits actions that deny disabled individuals "meaningful access" or "reasonable accommodation" for their disabilities. *See Duvall v. County of Kitsap,* 260 F.3d 1124, 1135–36 (9th Cir.2001); *Ferguson [v. City of Phoenix,* 157 F.3d 668, 679 (9th Cir.1998) ]. *Cf. Lovell [v. Chandler,* 303 F.3d 1039, 1054 (9th Cir.2002) ] (assuming that "meaningful access" is the appropriate standard). Those cases then go on to analyze the state of mind with regard to a denial of "meaningful access" or "reasonable accommodation" necessary to justify monetary damages. As to this latter question, we have held that plaintiffs must prove a *mens rea* of "intentional discrimination," to prevail on a § 504 claim, but that that standard may be met by showing "deliberate indifference," and not only by showing "discriminatory animus." *See Duvall,* 260 F.3d at 1138; *id.* at 1139 (deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood"); *Lovell,* 303 F.3d at 1056.

*Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008).

Consequently, absent a plausible allegation that Plaintiffs were denied meaningful access to public education, there is no basis for imposing liability based on any alleged failure to engage in an "interactive process." Since Plaintiffs are seeking an injunction, this standard and related analysis is also therefore not relevant to the inquiry here.

Thus, if Plaintiffs have not plausibly alleged that closure of TIDE Academy denies them meaningful access to public education, the Court need not reach their remaining theories, and should dismiss the Complaint.

///

///

///

4

## II.   DEFENDANT'S RESPONSE TO QUESTION B:

### A.   PLAINTIFFS DO NOT IDENTIFY A COGNIZABLE REGULATORY VIOLATION THAT RESULTS IN DENIAL OF MEANINGFUL ACCESS

The Court correctly notes that a plaintiff may establish denial of meaningful access by alleging a violation of implementing regulations that results in such denial. (*A.G.*, 815 F.3d at 1204.) Plaintiffs do not do so here.

The ADA's implementing regulations require only that services remain accessible when viewed in their entirety. (28 C.F.R. § 35.150(a) ("A public entity shall operate each service, program, or activity… so that, when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities.").) Critically, the regulation confirms that compliance may be achieved through "reassignment of services to accessible buildings," "delivery of services at alternate accessible sites," or "any other methods that result in making its services, programs, or activities readily accessible to and usable by individuals with disabilities." (28 C.F.R. § 35.150(b)(1).) Thus, the regulatory framework explicitly contemplates that public entities may satisfy regulatory compliance through the transfer of services and/or delivery at other facilities.

To the extent Plaintiffs rely on 28 C.F.R. § 35.130(b)(7) (reasonable modifications), that regulation requires public entities to make reasonable modifications only when necessary to avoid discrimination. As discussed above, it does not create independent liability absent denial of meaningful access. (*Lonberg*, 571 F.3d at 851.) Courts have also consistently rejected attempts to recast claims regarding sufficiency of services or preferred placements as ADA or Section 504 violations. (See *Paul G. v. Monterey Peninsula Unified School District*, 933 F.3d 1096, 1099–1101 (9th Cir. 2019); *Zukle,* 166 F.3d at 1047; *Mark H.* 513 F.3d at 933–34, 938; *Weinreich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir. 1997); *Choate*, 469 U.S. at 303.)

Because Plaintiffs fail to allege a regulatory violation that results in denial of meaningful access, their claims cannot proceed under the theory recognized in *A.G.*, 815 F.3d at 1204.

### III.   CONCLUSION

Here, Plaintiffs do not plausibly allege that students will be denied access to public education, or protected services or supports. At most, they allege that TIDE Academy offers a preferred environment.

5

But the ADA and Section 504 do not guarantee access to a particular program. (See *Choate*, 469 U.S. at 303; *Zukle*, 166 F.3d at 1047.)

Because Plaintiffs' allegations do not rise to the level of a denial of meaningful access, their claims fail as a matter of law, and the Court need not proceed to analyze their remaining theories.

Dated:  April 10, 2026                                                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                                                                          By:    */s/ Richard W. Osman*
                                                                                                     Richard W. Osman
                                                                                                     Sheila D. Crawford
                                                                                                     Ana K. Sanderson
                                                                                                     Attorneys for Defendant
                                                                                                     SEQUOIA UNION HIGH SCHOOL DISTRICT

DEFENDANT SEQUOIA UNION HIGH SCHOOL DISTRICT'S RESPONSES TO THE COURT'S QUESTIONS FOR THE HEARING (DKT. NO. 56)
*Tide Rising v. Sequoia Union High School District* | Case No. 3:26-cv-00987-TLT