United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIDE RISING, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT,<br><br>            Defendant. | Case No.  26-cv-00987-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 1, 46, 54 |

Before the Court is Plaintiffs' complaint and request for a preliminary injunction enjoining Defendant from closing TIDE Academy.  Defendant filed a motion to dismiss the complaint for failure to state a claim.  For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiffs' request for injunctive relief.

For purposes of this Order, the Court assumes the parties' familiarity with the factual background and claims articulated in the parties' filings along with the Court's order denying Plaintiff's application for a temporary restraining order.  ECF 48.

### A.    Procedural History

On January 30, 2026, Plaintiffs TIDE RISING, an unincorporated association of parents and guardians, and minor A.P. ("Plaintiffs") filed a complaint raising two causes of action: (1) Violation of Title II of the Americans with Disabilities Act and (2) Violation of Section 504 of the Rehabilitation Act.  ECF 1.

Three days later, on February 2, 2026, Plaintiffs filed a motion to appoint J.P., the parent of minor A.P., to be guardian ad litem in this proceeding which was granted on March 5, 2026.  ECF 4,  47.

On February 4, 2026, the case was reassigned to this Court. ECF 10. Plaintiffs filed a motion for temporary restraining order on February 13, 2026. ECF 14. Plaintiffs filed a series of declarations in support of their motion. ECF 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29. Plaintiffs also filed a memorandum of points and authorities in support of the TRO on February 13, 2026. ECF 30.

The Court set a briefing schedule on Plaintiff's TRO, ordering Plaintiffs to provide notice of the complaint, the motion for temporary restraining order, and the Court's Order to Defendant by February 17, 2026. ECF 31. Plaintiff provided proof of service on February 17, 2026. ECF 32.

On February 13, 2026, the Court also ordered Defendant to file a response to Plaintiff's motion by February 24, 2026, and any reply by the Plaintiff to be filed by February 27, 2026. ECF 30. The Court set a hearing on Plaintiff's motion for temporary restraining order for March 3, 2026. *Id.* Subsequently, the reset the hearing to be held by videoconference on March 5, 2026 at 3:00 p.m. ECF 31, 42.

The Court denied Plaintiffs' TRO on March 5, 2026 and issued a written order on the motion on March 9, 2026. ECF 47, 48.

On March 6, 2026, Defendant filed a motion to dismiss. ECF 46. Plaintiffs opposed the motion on March 20, 2026. ECF 51. Defendant filed a reply on March 27, 2026. ECF 53.

On March 27, 2026, the Defendant also filed a motion to show why a preliminary injunction should not be issued. ECF 54. Plaintiff filed a reply on April 3, 2026. ECF 55.

The Court held a hearing on the motion on April 14, 2026.

The day after the hearing, at the Court's request, the Defendant filed a supplemental brief regarding the TIDE Academy's funding source. ECF 60. Plaintiff filed a response on April 17, 2026. ECF 61.

Plaintiffs seek declaratory and injunctive relief preventing closure of TIDE Academy and preserving the school site as currently configured. ECF 1, Compl., Prayer for Relief.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

## I.    LEGAL STANDARD

### A.    Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *Id*. at 558–59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

While the standards for granting a motion to dismiss and a motion for preliminary injunction are different, the "standard for demonstrating a 'likelihood of success on the merits,' let alone a 'clear or substantial' showing of such entitlement, is far more demanding than the plausibility standard applied to survive dismissal for the failure to state a claim at the pleading stage." *City & Cnty. of San Francisco v. Trump*, No. 25-cv-01350, 2026 WL 145874, at *1 (N.D. Cal. Jan. 20, 2026) (citing *Benitez v. King*, 298 F. Supp. 3d 530, 536 (W.D.N.Y. 2018)). Recognizing that the Plaintiffs bear a lower burden to survive a motion to dismiss than that required to make a preliminary injunction showing, the Court first addresses Defendant's motion

to dismiss.  *Id.*

**B.    Americans with Disabilities Act and Section 504 of the Rehabilitation Act**

"A plaintiff bringing suit under [S]ection 504 or Title II of the ADA must show: (1) she is a qualified individual with a disability; (2) she was denied 'a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)).

"A plaintiff may satisfy prong two by showing that the federally funded program denied her services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." *Id*. (citing *Hamamoto*, 620 F.3d at 1097-98). "A plaintiff can also satisfy prong two by showing that the program denied her meaningful access to public education through another means, such as by violating a regulation that implements [S]ection 504's prohibitions." *Id*. (citing *Mark H. v. Lemahieu*, 513 F.3d 922, 938-39 (9th Cir. 2008)).

A "public entity can be liable for damages under [Section]504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." *Lemahieu,* 513 F.3d at 938. Section 504 allows students who are denied meaningful access to state educational benefits to seek "the full panoply of remedies, including equitable relief and [compensatory] damages." *Id.,* 513 F.3d at 930 (quoting *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1107 (9th Cir.1987)); *see also, Kling v. County of Los Angeles,* 633 F.2d 876 (9th Cir.1980).

To assert a disparate impact claim, a plaintiff must allege that a facially neutral government policy or practice has the "effect of denying meaningful access to public services" to people with disabilities.  *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (citing *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013).

"A public entity can be liable for damages under Section 504 or the ADA 'if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable

United States District Court
Northern District of California

4

accommodation to disabled persons.' *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 912 (9th Cir. 2020) (citing *A.G.*, 815 F.3d at 1204–08) (discussing separately plaintiffs' theories regarding meaningful access, reasonable accommodation, and deliberate indifference).

## II.    DISCUSSION

Plaintiffs argue that (A) the complaint plausibly alleges denial of meaningful access, (B) their structural accommodation theory is cognizable under Title II and Section 504, (C) the complaint states a cognizable disparate impact claim, (D) Title II and Section 504 impose procedural obligations on Defendant which Defendant ignored, and (E) Plaintiffs' claims are not subject to the IDEA exhaustion.  ECF 51 at 3–12.

Defendant argues that Plaintiffs fail to demonstrate denial of meaningful access to a public benefit as required under Title II of the American with Disabilities Act Section 504 of the Rehabilitation Act.  ECF 46 at 5.  Defendant further argues that Plaintiff's failure to plausibly allege denial of meaningful access means that their remaining theories, including reasonable modification, disparate impact, or alleged procedural failures, necessarily fail a matter of law. ECF 57 at 2, 4 ("[I]f Plaintiffs have not plausibly alleged that closure of TIDE Academy denies them meaningful access to public education, the Court need not reach their remaining theories, and should dismiss the Complaint.").

### A.    Plaintiffs Fail to Plausibly Allege Denial of Meaningful Access

For Plaintiffs claims under Title II of the ADA and Section 504 of the Rehabilitation Act, Plaintiffs must plausibly allege that students with disabilities were denied meaningful access to the benefits of the District's services, programs or activities.

The ADA's prohibition against discrimination "is universally understood as a requirement to provide 'meaningful access.'" *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009). Similarly, the Supreme Court in *Alexander v. Choate* established that Section 504 guarantees only "meaningful access" to benefits. 469 U.S. 287, 301 (1985). A disabled student  may be denied "meaningful access" to public education when that education is not designed to meet her needs as adequately as the needs of other students are met.  *Lemahieu*, 513 F.3d at 938 n.14. (citing 34 C.F.R. § 104.33).  However, applicable disability law does not guarantee "equal results" for

5

disabled students. *Choate*, 469 U.S. at 304; *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016) ("A plaintiff may establish prohibited discrimination under section 504 and Title II by showing that a public entity denied her a 'reasonable modification' necessary to achieve meaningful access to her education")).  A plaintiff may also establish a denial of "meaningful access" by showing there was a violation of a relevant implementing regulation if such violation denied the plaintiff meaningful access to a public benefit. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *see also K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013) ("[I]n considering Title II's "meaningful access" requirement, we are guided by the relevant regulations interpreting Title II.").

Federal courts routinely resolve the issue of whether a plaintiff has plausibly alleged a denial of meaningful access at the pleading stage, treating such a pleading as a required element to survive a 12(b)(6) motion.  *See Goodwin v. Marin Cnty. Transit Dist.*, 675 F. Supp. 3d 1016, 1024 (N.D. Cal. 2022); *K.C. v. Town of Atherton*, No. 24-cv-00507, 2024 WL 4489444, at *4 (N.D. Cal. Oct. 15, 2024) ("[A]t the pleading stage, drawing all reasonable inferences in K.C.'s favor, these allegations support a plausible inference that the District denied K.C. meaningful access to public education solely by reason of K.C.'s disabilities"); *Martinez v. Cnty. of Alameda*, 512 F. Supp. 3d 978, 987 (N.D. Cal. 2021) (at the motion to dismiss stage the court states that "Martinez sufficiently pled that she was denied meaningful access to Alameda county services and benefits"); *P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1098, 1114 (C.D. Cal. 2015) ("[F]or purposes of surviving a motion to dismiss, these allegations are sufficient to establish that Plaintiffs were denied the benefits of the relevant program solely by reason of their claimed disability.").

Plaintiffs argue that the integrated small-school structure, including its 200- student campus, low student-to-teacher ratios, manageable counseling caseloads, "Nucleus" advisory cohorts, and contained physical environment are the features that allow students with disabilities in the district to meaningfully access public education.  ECF 51 at 3.  Without these features, they argue, students with disabilities will be forced into segregated Special Day Classes or face other barriers to receiving an education on par with that offered at TIDE Academy.  *Id.*  at 3–4.

Plaintiffs argue that the "Complaint alleges that this disproportionate effect translates into denial of meaningful access—not merely inconvenience, but constructive exclusion from general education." *Id.* at 8.  In filings responsive to the Court's questions, Plaintiffs further argue that "TIDE produces dramatically better outcomes for students with disabilities than the comprehensive schools to which its students will be dispersed."  ECF 58 at 2.  Plaintiffs' arguments are unpersuasive because, as discussed above, meaningful access does not preserve equal results.  *Choate*, 469 U.S. at 304.

Plaintiffs' argument that requiring students to attend other schools in the district will have adverse consequences resulting from the environmental and social changes the students will undergo does not plausibly allege denial of meaningful access to public education.  Plaintiffs rely on *Rodde v. Bonta* to support their argument.  357 F.3d 988, 998 (9th Cir. 2004).  However, in *Rhodde*, the Ninth Circuit found that elimination of a particular medical program would "reduce, and in some instances eliminate, necessary medical services for disabled Medi–Cal patients." *Id.* The facts here do not present directly analogous circumstances.  The structural benefits provided by an "integrated small-school structure" such as the size, staffing rations, and environment are unlike the necessary medical services in *Rhodde*; Plaintiffs do not connect any advantages of necessity provided by TIDE which could not be replicated at other schools.  The services necessary to the students with disabilities ability to access a public education, such as students' IEPs and Section 504 plans, will remain available to students wherever they attend school.

The Court also looks to persuasive authority to inform its decision.  In *P.P. v. Compton Unified Sch. Dist.*, the court denied a motion to dismiss where the allegations in the complaint were summarized as follows: (1) solely by reason of trauma-related disabilities, students have been denied meaningful access to the public education to which they would otherwise be entitled . . . and (2) Defendants could (but have failed to) implement reasonable accommodations that would create a trauma-sensitive environment and, thereby, allow these students to enjoy the benefit of public education."  135 F. Supp. 3d 1098, 1114 (C.D. Cal. 2015).  The court in *P.P. v. Compton Unified Sch. Dist.* found that where students with trauma-related disabilities *needed* a trauma-sensitive environment to learn, allegations that such conditions were lacking were "sufficient to

United States District Court
Northern District of California

establish that Plaintiffs were denied the benefits of the relevant program solely by reason of their claimed disability." *Id.*

Unlike the plaintiffs in *Rhodde* and *P.P.* who had no alternatives available to access the public program they needed, the Plaintiffs here will continue to access the IEPs and Section 504 plans necessary to receive a public education. *See Hamamoto,* 620 F.3d at 1097 (finding that "Hawaii DOE violated the Rehabilitation Act § 504 by denying accommodation if . . . the girls *needed* autism-specific services to enjoy meaningful access to the benefits of a public education) (emphasis added). Plaintiffs also acknowledge that should a student with disabilities seek to attend a private school in lieu of transferring to another high school in the District, like Woodside High School, the student has the option to do so without incurring additional expenses. ECF 59. Those costs would be absorbed by the District. *Id.*

Plaintiffs' remaining argument that the District has denied students with disabilities meaningful access by failing to comply with 28 C.F.R. § 35.164, § 35.130(b)(3), and § 35.130(b)(7), as well as parallel provisions in Section 504's implementing regulations, do not survive Defendant's motion to dismiss.

28 C.F.R. § 35.164 provides that when a public entity determines that compliance would result in a fundamental alteration or undue financial burden, that determination "must be made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity," and "must be accompanied by a written statement of the reasons for reaching that conclusion." Plaintiffs argue that "[u]nder *A.G. v. Paradise Valley*, . . . violation [of § 35.164], if it 'denied the plaintiff meaningful access to a public benefit,' independently establishes a claim." ECF 58 at 6 (citing *A.G.*, 815 F.3d at 1204). However, Plaintiffs have not plausibly alleged that the District's purported failure to sufficiently reduce its decision regarding TIDE Academy to writing accompanied by a declaration from District administrators denies Plaintiffs meaningful access to a public education. More likely, as Defendant argued during oral argument, such a document could promptly be drafted without having any substantive impact on the decision reached by the District. ECF 59.

Finally, 28 C.F.R. § 35.130(b)(3) provides that a public entity "may not, directly or

8

United States District Court
Northern District of California

through contractual, licensing, or other arrangements, utilize criteria or methods of administration" that "(i) [h]ave the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability" or "(ii) [h]ave the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities;" and 28 C.F.R. § 35.130(b)(7)(i) requires public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." However, before proceeding to analysis of the closure of TIDE Academy's compliance with these regulations, the Court must be satisfied that Plaintiffs were "excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or w[ere] otherwise discriminated against by the public entity." *Where Do We Go Berkeley v. California Dep't of Transportation*, 32 F.4th 852, 860 (9th Cir. 2022). As discussed above, the Court finds that Plaintiffs have not plausibly alleged such conditions are present in this case.

Accordingly, the Court finds that Plaintiffs have not demonstrated the denial of meaningful access to public services.

### III.    CONCLUSION

Plaintiffs fail to plausibly allege that students with disabilities will be denied meaningful access to a public education with the closure of TIDE Academy. Similarly, for the reasons discussed above, Plaintiffs claim that the District failed to comply with implementing regulations executing its decision is unavailing.

Because the Complaint does not plausibly allege exclusion from educational services or denial of meaningful access, Plaintiffs' complaint cannot survive the motion to dismiss. Leave to amend would be futile. As such, the Court **GRANTS** the Defendant's motion to dismiss.

As Plaintiff has failed to meet the plausibility standard under Rule 12(b)(6), Court **DENIES** the Motion for Preliminary Injunction. As such, the Court enters judgment in favor of the Defendant and against the Plaintiffs.

The case management conference scheduled for May 7, 2026, is hereby **VACATED**.   The Clerk of the Court is ordered to close the case and terminate the matter.

This order resolves ECF 46 and 54.

IT IS SO ORDERED.

Dated: April 20, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California